IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
COLUMBUS, OHIO

| | | |
|---|---|---|
| VEGGIE CREATIONS, INC. | : | |
| | : | |
| 8754 Cotter St., Lewis Center, OH 43035 | : | |
| | : | |
| | : | CASE NO. _____ |
| Plaintiff | : | |
| v. | : | JUDGE _____ |
| | : | |
| CJ AMERICA, INC. dba CJ FOODS, INC. | : | |
| | : | |
| 5700 Wilshire Blvd., Suite 550 Los Angeles, CA 90036 | : | |
| | : | **(Jury Demand Endorsed Hereon)** |
| | : | |
| Defendant. | : | |

## COMPLAINT AND DEMAND FOR JURY

Plaintiff Veggie Creations, Inc. ("Plaintiff") for its Complaint and Demand for Jury (the "Complaint") against Defendant CJ America, Inc. dba CJ Foods, Inc. ("Defendant") avers as follows:

## THE PARTIES

1.    Plaintiff is a company which develops and manufactures food items for resale to retail business in Ohio and throughout the United States.

2.    Defendant represents itself as a major manufacturer and distributor of packaged food products.

3.    This lawsuit involves the Parties' Processing and Packaging Agreement (the "Agreement") for Defendant to package certain food products owned and developed by Plaintiff for retail sale to Trade Joes Company.

4811-7847-4960.1                                      1

4.      A copy of the Agreement is attached hereto as Exhibit 1 (confidential information contained in the Agreement has been redacted for purposes of this filing).[1]

## JURISDICTION AND VENUE

5.      This Court has personal jurisdiction over Plaintiff because it is an Ohio corporation with its principal place of business located within the State of Ohio.

6.      Defendant is a New York Corporation with its principal place of business located in Los Angeles, California.

7.      This Court has personal jurisdiction over Defendant by virtue of Defendant's business activity in Ohio including, but not limited to, the Agreement.

8.      Jurisdiction in this Court is appropriate pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendant are diverse and the amount in controversy exceeds $75,000.00.

9.      This Court is the proper venue for this matter because Plaintiff is headquartered in Delaware County, Ohio.

## FACTS COMMON TO ALL CLAIMS

**A.      The Agreement.**

10.     Plaintiff develop and manufactures food products for resale to retail businesses.

11.     Defendant is in the business of manufacturing and packaging food products.

12.     Relevant to this Lawsuit, Plaintiff developed and owns certain food items which are listed in Exhibit A to the Agreement (the "Products").

13.     Plaintiff and Defendant entered into the Agreement on July 1, 2019.

---

[1] Defendant purchased Kahiki Food, Inc. subsequent to the execution of the Agreement.  A copy of the Parties' Request for Consent to Assignment of the Letter Agreement, which assigns the rights of the Agreement to Defendant, is attached hereto as Exhibit 2.

14.     The Agreement provides that Defendant will process and package for Plaintiff the Products for the sole purpose of Plaintiff providing those products to the Trader Joes Company ("Trader Joes") for Trader Joes to sell at retail.

15.     The Products are to be manufactured and sold under Trader Joe's private label.

16.     Defendant processes and packages the Products according to the guidelines provided by Plaintiff.

17.     The Agreement is for a period of one year, but requires the Parties to "meet and discuss in good faith regarding the possibility of extending and/or renewing the Term."

18.     In order for Defendant to process and package the Products, Plaintiff provided Defendant access to Plaintiff's confidential information and trade secrets, including but not limited to, the ingredients required for the Products, the entities that Plaintiff sold the Products, the price and cost of the Products and the items comprising the Products, the identify of Plaintiff's retail contacts and accounts, the design and manufacturing of the Products, and Plaintiff's marketing of the Products.

19.     To protect Plaintiff's confidential information and trade secrets, Section 6 of the Agreement contains a confidentiality provision, which provides that:

> "[Defendant] and its representatives shall at all times maintain all of its dealings with [Plaintiff], including but not limited to [Plaintiff's] retail client lists, formulae, marketing and pricing policies and procedures, packaging designs, formulae, descriptions, specification, retail contacts, and retail accounts as secret and strictly confidential and shall not disclose to any third party(s) without prior written permission from reseller."

20.     Finally, Section 7 the Agreement contains an indemnification provision, which requires Defendant to "hold [Plaintiff] against any and all claims, damages, legal actions, expenses, and fees (including reasonable attorneys' fees) arising out of [Defendant's] (i) breach of the Agreement and; (ii) negligence or willful misconduct."

21.     Plaintiff has satisfied all of its obligations pursuant to the Agreement.

**B.      Defendant Utilized Plaintiff's Confidential Information To Squeeze Plaintiff Out Of Its Arrangement With Trader Joes.**

22.     In May 2020 Defendant informed Plaintiff that it did not intend to extend the Agreement into a second one-year term.  The contract expired on its terms, but the Parties have continued with their business relationship under the same terms as the Agreement.

23.     Defendant informed Plaintiff that Trader Joe's intended to utilize Defendant for the processing and packaging of the Products for resale under Trader Joe's private label.

24.     Unbeknownst to Plaintiff, Defendant contacted Trader Joe's and informed it that Defendant was able to process and package the Products for Trader Joe's at a lower cost than Plaintiff was able to provide.

25.     Based upon Defendant's representations, Trader Joe's agreed to permit Defendant to take Plaintiff's place as the provider of the Products.

26.      In doing so, Defendant utilized Plaintiff's confidential information and trade secrets, including but not limited to, Plaintiff's retail contacts and accounts, the Products and the items and ingredients which comprise the Products, the cost of the Products, and the design and manufacture of the Products.

27.     Plaintiff did not inform Plaintiff that it was using its confidential information or otherwise discussing directly with Trader Joe's regarding the process and packaging of the Products.

28.     Plaintiff did not provide Defendant with authorization to utilize its confidential information and trade secrets.

29.     Plaintiff did not authorize Defendant to contact Trade Joe's regarding the Products or the Agreement.

30.    Defendant's improper use of Plaintiff's confidential information and trade secrets is in breach of the Agreement's confidentiality provision.

31.    Defendant's actions were not in good faith and, therefore, Defendant breached the Agreement by failing to negotiate a second one-year term of the Agreement in good faith.

32.    Defendant's improper actions and breach of the Agreement resulted in the termination of Plaintiff's business relationship with Trader Joe's.

33.    Plaintiff is entitled to indemnification, including reasonable attorneys' fees, pursuant to Section 7 of the Agreement due to Defendant's breach and intentional interference with Plaintiff's relationship with Trader Joe's.

34.    Defendant's actions were intentional, willful, malicious, and done with actual malice and, therefore, Plaintiff is entitled to punitive and exemplary damages, as well as the recovery of its reasonable attorneys' fees.

### COUNT I – BREACH OF CONTRACT

35.    Plaintiff incorporates paragraphs 1 through 34 of the Complaint as if fully rewritten.

36.    The Agreement is a lawful contract.

37.    Plaintiff has fully complied with its obligations under the Agreement.

38.    Defendant breached the Agreement through its intentional actions that violated the plain terms of the Agreement.

39.    As a result of Defendant's breach of the Agreement and intentional acts in breach of the Agreement, Plaintiff has suffered damages in excess of $75,000.00.

40.    Plaintiff's damages are continuing and ongoing.

## COUNT II – TORTIOUS INTERFERENCE WITH
## ECONOMIC AND BUSINESS RELATIONS

41.     Plaintiff incorporates paragraphs 1 through 40 of the Complaint as if fully rewritten.

42.     Plaintiff has economic and business relationships with its retail accounts, including Trader Joe's.

43.     Defendant knew of Plaintiff's economic and business relationship with Trader Joe's.

44.     Defendant intentionally interfered with Plaintiff's business and economic relationship with Trader Joe's.

45.     Defendant's intentional interference has negatively impacted Plaintiff's business relationship with Trader Joe's.

46.     As a result of Defendant's tortious interference with economic and/or business relations, Plaintiff has suffered damages in excess of $75,000.00.

47.     Defendant's actions were intentional, malicious, willful, and done with actual malice and therefore, Plaintiff is entitled to punitive and exemplary damages, as well as recovery of its reasonable attorneys' fees.

## COUNT III – INDEMNIFICATION

48.     Plaintiff incorporates paragraphs 1 through 46 of the Complaint as if fully rewritten.

49.     Plaintiff and Defendant entered into the Agreement.

50.     The Agreement is a valid and binding contract.

51.     Section 7 of the Agreement requires Defendant to indemnify Plaintiff, including the payment of Plaintiff's reasonable attorneys' fees, resulting from Defendant's breach of the Agreement or Defendant's negligence or willful conduct.

52.     Defendant has breached the Agreement.

53.     Defendant has engaged in willful misconduct that has resulted in Defendant's breach of the Agreement and the tortious interference of Plaintiff's business and economic relationship with Trader Joe's.

54.     As a result of Defendant's breach and willful misconduct as set forth herein, Plaintiff has suffered damages in excess of $75,000.

55.     As a result of Defendant's breach and willful misconduct as set forth herein, Plaintiff has incurred, and will continue to incur, reasonable attorneys' fees.

56.     Plaintiff is entitled to indemnification from Defendant resulting from its breach of the Agreement and willful misconduct as set forth herein.

## COUNT IV – BREACH OF GOOD FAITH AND FAIR DEALING

57.     Plaintiff incorporates paragraphs 1 through 56 of the Complaint as if fully rewritten.

58.     Ohio law imposes a duty of good faith and fair dealing with respect to every contract which precludes a party to the contract from doing anything which will injure the right of the other to receive the benefits of the agreement.

59.     Defendant had a duty of good faith and fair dealing which arose from the Agreement.

60.     Defendant breached its duty of good faith and fair dealing with respect to the Agreement through its breaches and the intentional misconduct set forth herein.

4811-7847-4960.1                                              7

61.     As a result of Defendant's breach of its duty of good faith and fair dealing, Plaintiff has suffered damages in excess of $75,000.00.

## COUNT V – BREACH OF CONTRACT

62.     Plaintiff incorporates paragraphs 1 through 61 of the Complaint as if fully rewritten.

63.     The Agreement is a lawful contract.

64.     Plaintiff has fully complied with its obligations under the Agreement.

65.     Defendant breached the Agreement by taking Plaintiff's recipe and Products.

66.     As a result of Defendant's breach of the Agreement and intentional acts in breach of the Agreement, Plaintiff has suffered damages in excess of $75,000.00.

67.     Plaintiff's damages are continuing and ongoing.

WHEREFORE, Plaintiff demands judgment and relief against Defendant as follows:

1.     Damages in excess of $75,000 for Defendant's breach of the Agreement.

2.     Damages in excess of $75,000 for Defendant's tortious interference with economic and business relationships.

3.     Indemnity in excess of $75,000, including reasonable attorneys' fees, as required pursuant to the Agreement;

4.     Reasonable attorneys' fees pursuant to Ohio statutory and common law;

5.     Punitive and exemplary damages;

6.     Costs incurred in prosecuting this action; and

7.     Any other appropriate relief that this Court deems just and equitable.

Respectfully submitted,


/s/ Donald G. Slezak
David A. Campbell (0066494)
Donald G. Slezak (0092422)
Lewis Brisbois Bisgaard & Smith, LLP
1375 E. 9th Street
Suite 2250
Cleveland, OH 44114
Phone: (216) 298-1262
Fax: (216) 344-9421
david.a.campbell@lewisbrisbois.com
donald.slezak@lewisbrisbois.com

*Attorneys for Plaintiff*

## **JURY DEMAND**

Pursuant to Rule 38(B) of the Federal Rules of Civil Procedure, a trial by jury is respectfully requested on all the issues presented herein.

/s/ Donald G. Slezak_____
Donald G. Slezak (0092422)

*One of the Attorneys for Plaintiff*